CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 30, 2019

LETTER TO COUNSEL

RE: *Deborah P. v. Commissioner, Social Security Administration*;
Civil No. SAG-18-1850

Dear Counsel:

On June 21, 2018, Plaintiff Deborah P. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits ("DIB"). ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 14, 15. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff's claim for benefits has a lengthy procedural history. Plaintiff filed a claim for DIB on December 31, 2008, alleging a disability onset date of July 3, 2008. Tr. 121-26. Her claim was denied initially and on reconsideration. Tr. 66-69, 71-72. A hearing was held on October 19, 2011, before an Administrative Law Judge ("ALJ"). Tr. 31-63. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 10-18. The Appeals Council ("AC") denied Plaintiff's request for review. Tr. 1-6. Plaintiff then appealed the decision to this Court, and the case was remanded for further consideration. Tr. 508-12. An ALJ held a second hearing on October 1, 2014. Tr. 432-83. On November 20, 2014, the ALJ issued an opinion again denying benefits. Tr. 521-35. The AC assumed jurisdiction and remanded the case to the ALJ once more. Tr. 542-47. A third ALJ hearing was held on December 7, 2016. Tr. 390-430. On April 27, 2017, the ALJ issued an opinion again denying benefits. Tr. 362-79. This time, the AC declined to assume jurisdiction, Tr. 351-56, making the ALJ's 2017 decision the final, reviewable decision of the SSA. *See* 20 C.F.R. § 404.984 (ALJ's decision after Federal court remand is final decision unless AC assumes jurisdiction).

The ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease (with a history of fusion surgery), degenerative joint disease of the knees, headaches and obesity." Tr. 365. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

>perform sedentary work as defined in 20 CFR 404.1567(a) except that she can lift 5 pounds frequently and 10 pounds occasionally. She can sit for six of eight hours and stand/walk for four of eight hours. She is never to be required to use ladders, ropes or scaffolds. She is not to be required to kneel or crawl. She can occasionally use ramps and stairs. In addition, she can occasionally crouch and stoop. She must be allowed a 10-minute break every two hours. She is not to be required to work at heights or operate dangerous machinery. Finally, she must be allowed to be off task 10% of the time and miss 10 days of scheduled work per year.

Tr. 369. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work as a "confidential secretary," or, alternatively, could perform other jobs existing in significant numbers in the national economy. Tr. 377-79. Accordingly, the ALJ found the Plaintiff not disabled. Tr. 379.

Plaintiff raises two arguments on appeal: (1) that the ALJ erroneously assessed her RFC; and (2) that the ALJ failed to comply with the instructions of the AC. I conclude that the ALJ erroneously assessed Plaintiff's RFC. Remand is therefore appropriate. In so holding, I express no opinion regarding whether the ALJ's ultimate conclusion that Plaintiff is not disabled is correct.

First, Plaintiff correctly contends that the ALJ erroneously assessed her RFC. Specifically, she contends that the ALJ failed to support his conclusion that Plaintiff "must be allowed to be off task 10% of the time and miss 10 days of scheduled work per year," Tr. 369. When conducting the RFC analysis, an ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p, 1996 WL 374184 (S.S.A. July 2, 1996)). In doing so, the ALJ must "build an accurate and logical bridge" between the record evidence and the ALJ's RFC assessment. *See Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

Here, the ALJ failed to provide "an accurate and logical bridge" between Plaintiff's limitations and the ALJ's RFC determination regarding Plaintiff's time off task and missed days of work. The ALJ provided no explanation for those conclusions, nor is there any indication from the hearing transcript, Tr. 390-430, what those limitations were meant to address. Without understanding why the ALJ included those limitations, I am unable to determine if the ALJ supported his findings with substantial evidence. An explanation of how the ALJ calculated the time off task and days missed is particularly significant, since a relatively small increase could preclude competitive employment. Tr. 426 (VE testimony that the maximum time a person can be off task and retain competitive employment is "right around 10 percent," and that most employers would not allow an employee to miss more than 12 days of work in a year). While the SSA argues that a claimant bears the burden through the first four steps of the five-step disability evaluation, this Court's role in reviewing the ALJ's decision is frustrated when the ALJ does not explain his reasoning. *See Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013).

*Deborah P. v. Commissioner, Social Security Administration*
Civil No. SAG-18-1850
April 30, 2019

Accordingly, without further explanation, I am unable to ascertain how the ALJ assessed Plaintiff's difficulties in staying on task and attending work, and how those difficulties impacted the RFC assessment. In light of this inadequacy, I must remand the case to the SSA for further analysis. On remand, the ALJ should consider the impact of Plaintiff's limitations on the RFC determination, and explain the reasons for that finding, citing substantial evidence.

Turning to Plaintiff's unsuccessful argument, Plaintiff contends that the ALJ failed to comply with the AC's instruction on remand to "[o]btain evidence from an appropriate medical expert or experts to clarify the nature, severity, and any limiting effects of the claimant's medically determinable impairments," Tr. 545. However, the ALJ obtained a consultative examination from Dr. Murshed on February 21, 2017. Tr. 1080-81. Plaintiff has not offered any reason why the consultative examination did not satisfy the AC's instruction. Because the ALJ complied with the AC's instruction, I need not address whether the failure to follow such an instruction is grounds for reversal by this Court. *See Norris v. Berryhill*, Case No. 6:16-cv-2040-Orl-37JRK, 2018 WL 798221, at *10 (M.D. Fla. Feb. 5, 2018), *adopted by* 2018 WL 814702 (Feb. 9, 2018) (remanding the case for failure to consolidate cases as directed by the AC); *Hardister v. Berryhill*, Cause No. 1:16-cv-2575-WTL-DML, 2018 WL 636001, at *3 (S.D. Ind. Jan. 31, 2018) ("Despite being given notice of the deficiency, the ALJ failed to fully comply with the Appeals Council order. This failure constitutes error that requires remand."); *but see Spurlock v. Berryhill*, Case No.: 3:17-cv-02240, 2018 WL 1956119, at *11 (S.D. W. Va. Apr. 2, 2018), *adopted by* 2018 WL 1954835 ("Several district courts in this circuit have held that an Appeals Council's remand order is merely an intermediate agency action and not the final decision of the Commissioner; such courts have emphasized that the court's review is limited to whether the ALJ's decision is supported by substantial evidence, or was reached through the application of an incorrect legal standard.").

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 14, is DENIED and Defendant's Motion for Summary Judgment, ECF 15, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge